UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONATO RINALDI,
    *Plaintiff*,

v.

ADAM LAIRD and MICHAEL MODEEN,
    *Defendants*.

No. 3:14-cv-00091 (JAM)

**RULING GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Donato Rinaldi brought an action under 28 U.S.C. § 1983 against Adam Laird and Michael Modeen, two police officers in Waterbury, Connecticut. Plaintiff alleged that the two officers violated his constitutional rights when they violently assaulted him in the course of his arrest. The matter proceeded to a bench trial, in which the Court concluded that plaintiff had proven that defendant Modeen, but not defendant Laird, had violated plaintiff's constitutional right to be free from the use of excessive force. *See* Doc. #39. Plaintiff now moves for an award of attorney's fees. For the reasons stated below, I will grant the motion.

A prevailing party in a civil rights lawsuit brought under 28 U.S.C. § 1983 "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) (*per curiam*). The Court must determine a presumptively reasonable fee, based on a reasonable hourly rate and the number of reasonably expended hours. *See, e.g.*, *Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011). To determine the reasonable number of hours and whether the requested compensable hours should be subject to reduction, the Court also considers "the degree of success obtained by the plaintiff," *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks and citation omitted), as well as the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008) (same). I have considered all of these factors and will address in this ruling only those objections raised by defendants.

Plaintiff seeks attorney's fees in the amount of $12,262.50. This is based on a summation of the times and rates of three attorneys who worked on the case: 9.3 hours by Attorney Williams, at a rate of $500 per hour; 16.25 hours by Attorney Merly, at a rate of $350 per hour; and 5.5 hours by Attorney Longo-McLean, at a rate of $350 per hour.

Defendants raise several objections to plaintiff's request. First, defendants assert that plaintiff cannot be considered a "prevailing party" because he did not prevail against defendant Laird. The test for whether a plaintiff can be considered a prevailing party is whether he "has favorably effected a material alteration of the legal relationship of the parties by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009). Plaintiff qualifies as a prevailing party because he has received a judgment for money damages against defendant Modeen, and "a judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). Plaintiff is not required to prevail against every defendant to earn the status of "prevailing party." *See, e.g.*, *Struthers v. City of New York*, 2013 WL 5407221, at *2 n.4 (E.D.N.Y. 2013).

Next, defendants have several objections to the fees plaintiff seeks based on Attorney Williams' efforts. Defendants argue that Attorney Williams' hourly rate of $500 is unreasonable. But Attorney Williams is a highly experienced civil rights attorney, and this Court has previously found his $500 hourly rate to be reasonable. *See, e.g.*, *Muhammed v. Martoccio*, 2010 WL 3718560, at *4 (D. Conn. 2010).

Defendants argue that much of the work performed by Attorney Williams could have been performed by a less skilled, and therefore less expensive, lawyer or legal assistant. I do not agree. Attorney Williams has a small law firm, and I do not think it was unreasonable for him to personally perform each of the tasks for which he billed.

Defendants also object to portions of Attorney Merly's billing. They argue that Attorney Merly's time record labeled "review file" lacks specificity, and that his charge of fifteen minutes to "file appearance" is unreasonable because it could have been performed by secretarial staff. As for the first of these, it is true that the label "review file" is somewhat vague. But Attorney Merly's time accounting is reasonably specific in his other entries, and the amount of time entered under "review file" is reasonable in proportion to what was necessary for Attorney Merly's representation of plaintiff. I also conclude that it is not unreasonable for Attorney Merly to have charged for his filing of an appearance and that he was not required to delegate this task of filing his own appearance to a secretary.

In sum, I conclude that plaintiff is entitled to attorney's fees in the amount requested ($12,262.50). Considering all the required factors and the very capable, efficient, and successful manner in which the case was presented at trial, I have no difficulty concluding that the requested amount is reasonable.

For the foregoing reasons, plaintiff's motion for attorney's fees (Doc. #42) is GRANTED. Defendant Modeen shall pay plaintiff his attorney's fees in the amount of $12,262.50.

It is so ordered.

Dated at New Haven this 16th day of June 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge